21st Mtge. Corp. v Jin Hua Lin (2025 NY Slip Op 05288)

21st Mtge. Corp. v Jin Hua Lin

2025 NY Slip Op 05288

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 850085/18|Appeal No. 4799|Case No. 2024-07333|

[*1]21st Mortgage Corporation as Master Servicer for Christiana Trust, etc., Plaintiff-Respondent,
v
Jin Hua Lin, et al., Defendants, Renaissance Economic Development Corporation, Defendant-Appellant.

The Seltzer Law Group P.C., New York (Steven Seltzer of counsel), for appellant.
Gross Polowy LLC, Williamsville (Steven Rosenfeld of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about October 21, 2024, which denied defendant Renaissance Economic Development Corporation's motion to stay and vacate the judgment of foreclosure and sale and for renewal of its motion for summary judgment, unanimously affirmed, with costs.
Supreme Court rendered its judgment of foreclosure and sale on July 12, 2023. The judgment sufficiently drew attention to the filing date via the computer generated stamp across the top (compare Pac Fung Feather Co. Ltd. v Porthault NA LLC, 140 AD3d 576, 577 [1st Dept 2016]). Therefore, plaintiff's July 27, 2023 notice of entry correctly stated that the judgment of foreclosure and sale was entered by the County Clerk on July 12, 2023 (cf. Baranello v Westchester Sq. Med. Ctr., 282 AD2d 259, 259 [1st Dept 2001]). Accordingly, Renaissance's motion for leave to renew pursuant to CPLR 2221(e)(2), based on a change in the law with the enactment of the Foreclosure Abuse Prevention Act, was untimely because it was not made before the time to appeal the final judgment expired (see U.S. Bank N.A. v Gallant, 237 AD3d 522, 523 [1st Dept 2025]).
Moreover, the amended judgment dated September 14, 2023, which, sua sponte, corrected certain typographical errors and annexed plaintiff's costs and disbursements, did not affect any substantive appealable rights decided upon the original judgment and would not necessarily supersede the original judgment for purposes of taking an appeal (see Robert Martin Co. v Town of Greenburgh, 74 NY2d 701 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025